UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HENRY LEE,<br><br>     Plaintiff,<br><br>  v.<br><br>JOSIE GASTELO,<br><br>     Defendant. | Case No. 20-cv-05387-WHO (PR)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**<br><br>Dkt. Nos. 2, 6, 7 and 11 |

## INTRODUCTION

Petitioner John Henry Lee seeks federal habeas relief from his state convictions. The claims in the petition for such relief cannot proceed. Accordingly, the petition is DISMISSED with leave to file an amended petition on or before **January 18, 2021**. Failure to file an amended petition that complies with the instructions in this Order will result in the dismissal of the suit and entry of judgment in favor of respondent.

## BACKGROUND

According to the petition, in 2015 Lee pleaded nolo contendere in the Alameda County Superior Court to a charge of second degree robbery. (Pet., Dkt. No. 1 at 1-2.) His sentence was enhanced under Cal. Penal Code sections 667.5 and 1192.7. (*Id.* at 2.) Lee filed no appeals, but in 2019 and 2020 he sought, but was denied, collateral relief in the state courts. (*Id.* at 2-3.) This federal habeas petition followed those denials.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Lee claims that (i) "the California robberies were prosecuted under two conflicting statutes" and (ii) the rule of lenity should apply to him because of this conflict.  (Pet., Dkt. No. 1 at 5.)  Neither claim can proceed and the petition will be dismissed with leave to file an amended petition.

After a defendant has entered a plea of guilty, the only challenges left open on federal habeas corpus review concern the (i) voluntary and intelligent character of the plea; and (ii) adequacy of the advice of counsel.  *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985)).[1]  Because Lee pleaded guilty, these are the only two habeas claims available to him, but neither claim appears in the petition.  Accordingly, the petition will be dismissed with leave to file an amended petition that contains these two claims if appropriate.

Prisoners in state custody who wish to challenge either the fact or length of their confinement collaterally in federal habeas proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).  Because Lee has not exhausted the two claims discussed above in state court, he may wish to file a motion to stay habeas proceedings

---

[1] There are exceptions to this general bar.  For example, a defendant who pleads guilty still may raise in habeas corpus proceedings the very power of the state to bring him into court to answer the charge brought against him, *see Haring v. Prosise*, 462 U.S. 306, 320 (1983) (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)), and may raise a double jeopardy claim, *see id.* (citing *Menna v. New York*, 423 U.S. 61 (1975)).

United States District Court
Northern District of California

while he exhausts his claims. If he proceeds with unexhausted claims, respondent will likely file a motion to dismiss on grounds of nonexhaustion.

Lee must also be aware of the following. If he exhausts his claims and if the court allows them to proceed here, respondent will likely file a motion to dismiss the petition as untimely. He was convicted in 2015 but did not file this habeas action until 2020. Federal habeas petitions must be filed within <u>one year</u> of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1).

To successfully challenge such a motion, Lee will have to demonstrate that he is entitled to equitable tolling. A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

**MOTIONS**

Lee's motion to withdraw his consent to magistrate judge jurisdiction is DENIED as moot because his suit was reassigned to a district judge. (Dkt. No. 6.) The district judge alone will oversee his suit. His motion for clarification on his withdrawal motion is DENIED as moot. (Dkt. No. 11.)

Lee's motion to proceed *in forma pauperis* is GRANTED. (Dkt. Nos. 2 and 7.)

**CONCLUSION**

The petition is DISMISSED with leave to file an amended petition on or before **January 18, 2021**. Lee may wish to file a motion for a stay along with the amended

3

1  petition.

2  The amended petition must include the caption and civil case number used in this
3  order (20-05387 WHO (PR)) and the words FIRST AMENDED PETITION on the first
4  page. Because an amended petition completely replaces the previous petitions, petitioner
5  must include in his amended petition all the claims he wishes to present. *See Ferdik v.*
6  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Petitioner may not incorporate material
7  from the prior petition by reference. Failure to file an amended petition in accordance with
8  this order will result in dismissal of this action without further notice to petitioner.

9  It is petitioner's responsibility to prosecute this case. Petitioner must keep the court
10 informed of any change of address by filing a separate paper with the Clerk headed
11 "Notice of Change of Address." He must comply with the court's orders in a timely
12 fashion or ask for an extension of time to do so. Failure to comply may result in the
13 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

14 The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** December 8, 2020



_____
WILLIAM H. ORRICK
United States District Judge