UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HENRY LEE,<br>　　　　Petitioner,<br>　　v.<br>JOSIE GASTELO,<br>　　　　Respondent. | Case No. 20-cv-05387-WHO (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>Dkt. Nos. 13 and 14 |

## INTRODUCTION

Petitioner John Henry Lee seeks federal habeas relief from his state convictions. The first amended petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The first amended petition states cognizable claims. Accordingly, on or before **September 1, 2021**, respondent shall file an answer or a dispositive motion in response to the operative habeas petition.

This habeas action appears to be untimely. Petitioner was convicted in 2015, but he did not file his federal petition until 2020. If respondent concludes that this habeas action is untimely, he may wish to file a motion to dismiss the action on such grounds, though he is not required to do so.

## BACKGROUND

According to the petition, in 2015 Lee pleaded nolo contendere in the Alameda County Superior Court to a charge of second degree robbery. (Pet., Dkt. No. 1 at 1-2.) His sentence was enhanced under Cal. Penal Code §§ 667.5 and 1192.7. (*Id.* at 2.) Lee filed no appeals, but in 2019 and 2020 he sought, but was denied, collateral relief in the state

courts. (*Id.* at 2-3.) This federal habeas petition followed those denials.

## DISCUSSION

### i. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### ii. Original Petition

In his original petition, Lee claimed (i) "the California robberies were prosecuted under two conflicting statutes"; and (ii) the rule of lenity should apply to him because of this conflict. (Pet., Dkt. No. 1 at 5.) These claims were dismissed with leave to amend. Because he pleaded guilty, only two habeas claims are available to Lee. The only challenges left open on federal habeas corpus review after a defendant has entered a plea of guilty concern the (i) voluntary and intelligent character of the plea; and (ii) adequacy of the advice of counsel. *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985)).[1]

Lee was instructed that his petition may be untimely and that he would need to exhaust the two claims available to him.

---

[1] Lee was told that there were exceptions to this general bar. For example, a defendant who pleads guilty still may raise in habeas corpus proceedings the very power of the state to bring him into court to answer the charge brought against him, *see Haring v. Prosise*, 462 U.S. 306, 320 (1983) (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)), and may raise a double jeopardy claim, *see id.* (citing *Menna v. New York*, 423 U.S. 61 (1975)).

2

### iii. First Amended Petition

In his first amended petition, Lee claims (i) the state had no power to bring him into court to answer the charges against him;[2] (ii) he is factually innocent of the charges he was convicted of; and (iii) he received ineffective assistance of counsel. (First Am. Pet., Dkt. No. 15 at 6.) When liberally construed, claims (i) and (iii) are cognizable and shall proceed.

Claim (ii) is DISMISSED. It is really a sentencing claim, that there was insufficient evidence his crimes were violent and serious under California's Three Strikes Law. (*Id.* at 12.) Despite dismissal of Claim (ii), his allegations will be addressed because they form part of Claim (i).

## MOTIONS

Lee's motion for an extension of time to file his amended petition is GRANTED. (Dkt. No. 13.)

Lee's motion to proceed *in forma pauperis* is DENIED as moot, his prior such motion having been granted. (Dkt. Nos. 12 and 14.)

## CONCLUSION

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner.

2. On or before **September 1, 2021**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been

---

[2] Lee's claim appears to arise under *Haring v. Prosise*, 462 U.S. 306, 320 (1983).

1 transcribed and that are relevant to a determination of the issues presented by the petition.

2     3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

    4. In lieu of an answer, respondent may file, on or before **September 1, 2021**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

    5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

    6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

    8. The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** May 28, 2021

WILLIAM H. ORRICK
United States District Judge

4