UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN HENRY LEE,
    Petitioner,
    v.
JOSIE GASTELO,
    Respondent.

Case No. 20-cv-05387-WHO (PR)

**ORDER OF DISMISSAL**

Dkt. Nos. 19 and 24

## INTRODUCTION

Petitioner John Henry Lee seeks federal habeas relief from his state convictions. The petition for such relief is untimely, however, as pointed out in respondent's motion to dismiss. Lee had until August 26, 2016 to file a timely federal habeas petition, but he did not file one until 2020. His contention that he is entitled to a later start date because of a United States Supreme Court case is unfounded because that case did not recognize a new constitutional right. Furthermore, Lee is not entitled to statutory or equitable tolling. The motion to dismiss is GRANTED and the petition is DISMISSED.

## BACKGROUND

In 2015 Lee pleaded nolo contendere in the Alameda County Superior Court to a charge of second degree robbery and to allegations that his crime was a serious and violent felony. (Am. Pet., Dkt. No. 15 at 2.) He was sentenced on June 26, 2015. (*Id.* at 1.) Lee filed no appeals, (*id.* at 2), which means that his conviction became final 60 days after sentencing, on August 25, 2015. *See* Cal. Rules of Court, Rule 8.308(a). This means Lee had until August 26, 2016 to file a timely habeas petition, which is one year after his conviction became final. 28 U.S.C. § 2244(d)(1)(A). The current federal petition was

filed in 2020.

On July 22, 2019, Lee filed a habeas petition in the superior court, which denied it on July 29, 2019. (Mot. to Dismiss, Dkt. No. 19 at 22-23.) On November 27, 2019, Lee filed a habeas petition in the state appellate court, which denied it on January 16, 2020. (*Id.* at 27.) On February 6, 2020, Lee filed a habeas petition in the state supreme court, which denied it on May 13, 2020. (*Id.* at 29.) This federal habeas action was filed in August 2020. (Dkt. No. 1.)

## DISCUSSION

### I.  Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). This one-year clock starts ticking 90 days after direct state review is final. "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

### II.  Timeliness of the Petition

Lee's petition is untimely. He had until August 26, 2016 — one year after his state convictions became final — to file a timely habeas petition.[1] The current petition was filed

---

[1] Lee is not entitled to the additional 90 days afforded by *Bowen*. Because he did not appeal, he could not petition the United States Supreme Court to review a state supreme court decision on his appeal.

in 2020, which is well after the August 26, 2016 deadline.

Lee contends he is entitled to a later AEDPA start date. He believes that in *Class v. United States*, 138 S. Ct. 798, 805 (2018), the U.S. Supreme Court recognized a new constitutional right, thereby setting a new start date to the one-year limitation period. *See* 28 U.S.C. § 2244(d)(1)(C) (federal habeas petitions must be filed within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.") He asserts that because of *Class*, he "is no longer barred from a post-conviction attack on the validity of a judgment of conviction based on 'Newly Discovered Evidence' claims going to the jurisdiction of the court and claims of Constitutional Dimension." (Trav., Dkt. No. 22 at 2.)

*Class* did not recognize a new constitutional right, so Lee is not entitled to a new start date for the one-year limitation period. *Class* is merely "the Supreme Court's latest word" on the "*Menna-Blackledge* exception," which "allows for constitutionally-based appeals — despite an unconditional guilty plea — where the appeal, if successful, would mean that the government cannot prosecute the defendant at all." *United States v. Chavez-Diaz*, 949 F.3d 1202, 1207-1208 (9th Cir. 2020) (emphasis omitted). The *Menna-Blackledge* exception is decades old and was noted by this Court in the Order to Show Cause issued in response to Lee's petition. (Order to Show Cause, Dkt. No. 18 at 2, n.1.)

Even if *Class* did recognize a new constitutional right, Lee's petition would still be untimely. *Class* was issued on February 21, 2018, which means that petitioner would have had until February 22, 2019 to file a timely federal habeas petition.[2] The petition was not filed until April 2020.

Furthermore, Lee would need to show "actual innocence", which is a demanding standard. "Actual innocence" is established when, in light of all the evidence, "it is more

---

[2] Lee's habeas petitions cannot toll this limitations period (if it could be considered a limitations period) because the first was not filed until July 2019, which is after the February 22, 2019 putative deadline.

likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* A petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 324. *Schlup* requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* But here, Lee has not stated what new evidence shows he is innocent. In his amended petition, he mentions in a conclusory fashion that his crime of robbery should not be considered a violent felony but he does not set forth a specific and detailed factual basis for this assertion. (Am. Pet., Dkt. No. 17 at 16-19.) In no way has Lee met this demanding standard.

### A. Statutory Tolling

Lee has not specifically asserted that he is entitled to statutory tolling. I have reviewed the circumstances all the same and determine that he is not.

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). Because Lee's state petitions were filed after AEDPA's statute of limitations expired, they cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." *Rashid v. Kuhlmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998).

### B. Equitable Tolling

Lee has not specifically asserted that he is entitled to equitable tolling. I have also has reviewed the circumstances for this issue and determine that he is not.

4

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)).

Equitable tolling is not granted as a matter of course. In fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* (citation omitted). Nothing in the record shows that Lee is entitled to equitable tolling. He has not shown that he has been acting diligently and that some extraordinary circumstance prevented timely filing.

## CONCLUSION

Respondent's motion to dismiss the petition as untimely is GRANTED. (Dkt. No. 19.) The petition is DISMISSED.

A certificate of appealability will not issue. Lee has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Lee's motion-request for a ruling is DENIED as moot. (Dkt. No. 24.)

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** March 8, 2022

WILLIAM H. ORRICK
United States District Judge